# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TARKETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY, a Texas Corporation,<br><br>Defendant. | Case No.: 3:23-cv-01724-H-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 12.] |

On September 18, 2023, Plaintiff Joseph Tarkett ("Plaintiff") filed a putative class action complaint against Defendant USAA General Indemnity Company ("Defendant"), alleging claims for: (1) breach of contract and the implied covenant of good faith and fair dealing; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (3) breach of fiduciary duty; (4) conversion; (5) declaratory relief; and (6) unjust enrichment. (Doc. No. 1.)

On November 6, 2023, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 12.) On November 27, 2023, in lieu of filing an opposition to the motion to dismiss, Plaintiff filed a first amended complaint. (Doc. No. 13.) See Fed. R. Civ. P. 15(a)(1)(B); see Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("Fed. R. Civ. P. 15(a) gives a plaintiff one

opportunity to amend as of right."). In light of Plaintiff's amended pleading, the Court denies as moot Defendant's motion to dismiss the complaint without prejudice to Defendant moving to dismiss the first amended complaint. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' . . . Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist.  Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . ." (citations omitted)).

**IT IS SO ORDERED.**

DATED: November 30, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT